Jason M. Ingber (SBN 318323)
**INGBER LAW GROUP**
3580 Wilshire Boulevard, Suite 1260
Los Angeles, California 90010
Tele: (213) 805-8373
Email: ji@jasoningber.com

Attorneys for Plaintiffs:
JENNIFER HUNTER and KENNETH HUNTER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER HUNTER and KENNETH HUNTER,<br><br>            Plaintiffs,<br>    vs.<br><br>HOME DEPOT U.S.A., INC.; and DOES 1 through 10, Inclusive,<br><br>            Defendants. | Case No.:<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. Fraud<br><br>2. Breach of Consumers Legal Remedies Act, CA Civil Code § 1770 et seq.<br><br>DEMAND FOR JURY TRIAL |

1. Plaintiffs JENNIFER HUNTER and KENNETH HUNTER, (collectively "Plaintiffs") brings this action against Defendant HOME DEPOT, U.S.A., INC. (hereafter "Home Depot") and DOES 1 through 10, inclusive, and seeks a trial by jury against Home Depot.

## JURISDICTION AND VENUE

2. Diversity of citizenship jurisdiction is shown for the United States District Court for the Central District of California because Home Depot is a corporation headquartered in Cobb County, Georgia. Additionally, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and other costs, per 28 U.S.C. § 1332. Plaintiffs seek actual damages of $188,235, plus punitive damages according to proof. Further, Plaintiffs' reasonably-anticipated statutory attorney's fees under 15 U.S.C. § 2310(d)(2)—which as a matter of law are not considered "costs" under of 15 U.S.C. § 2310(d)(3)—are likely to exceed $75,000.

3. The United States District Court for the Central District of California may exercise supplemental jurisdiction over Plaintiff's State-law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391. The transactions giving rise to the claim occurred in this Judicial District. Also, Home Depot does substantial business in the State of California and within this Judicial District, is registered to and is doing business within the State of California, and otherwise maintains requisite minimum contacts with the State of California. Also, the property at issue remains within this Judicial District.

## GENERAL ALLEGATIONS

3. Plaintiffs Jennifer Hunter and Kenneth Hunter are individuals residing in Barstow, California.

4. Defendant Home Depot U.S.A., Inc. ("Home Depot") is a Delaware corporation with its principal place of business in Atlanta, Georgia, doing business throughout California, including in this District.

5. The true names and capacities of Defendants DOES 1 through 10 are unknown to Plaintiffs at this time, and Plaintiffs therefore sue such Defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

6. In or around October 2024, Plaintiffs were in the market to redo their flooring in the main rooms of their home. They visited a few establishments including Home Depot in particular the one located at 1100 L St, Barstow, CA 92311 to purchase flooring and installation services for their home.

7. Home Depot, on advertisements throughout their store (and through specific representations by its employees, including Riley Sage), promised that the flooring installation would be completed within three days, in time for Thanksgiving.

8. Based on this promise, Plaintiffs entered a contract with Home Depot for the purchase and installation of flooring.

9. The installation was scheduled to begin on Monday, November 18, 2024, with explicit promises that it would be completed by Wednesday, November 20, 2024, in time for Thanksgiving.

10. Home Depot subcontracted the installation to an outfit called Romanoff Renovations, a now defunct company.

11. The installation was not completed within the promised three-day timeframe. Instead:

  a. The installers worked limited hours;

  b. Plaintiffs were forced to relocate to a hotel for over 11 days;

  c. The installation was not completed until after December 5, 2024.

12. When Plaintiffs were finally able to return to their home, the flooring installation was defective, with jagged lines and grooves protruding and disconnected parts of their floor.

3
CLASS ACTION COMPLAINT

13. Throughout this period, Plaintiffs repeatedly contacted Home Depot regarding the delays and quality issues.

14. Home Depot representatives instructed Plaintiffs to keep all receipts for reimbursement of their hotel stays and related expenses.

15. Plaintiffs incurred over $4,000 in hotel expenses and additional incidental costs for food and related expenses due to their displacement.

16. Ultimately Home Depot offered Plaintiffs nothing meaningful for the delays and relocation and botched job.

## FIRST CAUSE OF ACTION

### Violation of California Consumers Legal Remedies Act

(Cal. Civ. Code § 1750 et seq.)

17. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

18. The California Consumers Legal Remedies Act ("CLRA") prohibits unfair and deceptive acts and practices in the sale of goods and services to consumers. Plaintiffs are a "consumer" per Civil Code § 1761(d). Home Depot violated the Consumers Legal Remedies Act as follows: representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have (Civil Code § 1770(a)(5)); representing that goods or services are of a particular standard, quality, or grade, if they are of another (Civil Code § 1770(a)(7)); advertising goods or services with intent not to sell them as advertised (Civil Code § 1770(a)(9)).

19. Home Depot violated the CLRA by:

    a. Representing that flooring and installation services they were selling had characteristics, uses, or benefits which they do not have, for example a swift definitive three day timeline;

    b. Representing that flooring and installation services they were selling are of a particular standard, quality, or grade when they are of another;

4

CLASS ACTION COMPLAINT

    c.    Advertising the flooring and installation services they were selling with intent not to sell them as advertised.

20. Plaintiffs attempted to resolve this matter with Home Depot prior to filing suit and Home Depot acknowledged issues and absconded their obligations.

21. As a direct and proximate result of Home Depot's violations of the CLRA, Plaintiffs have suffered damages.

22. At this time the Plaintiffs have sent a CLRA letter per the code and are only seeking injunctive relief. If however, the time in the letter passes for Home Depot to respond then Plaintiffs will amend to seek injunctive relief as well as monetary compensation.

## SECOND CAUSE OF ACTION

### Fraud

23. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

24. Home Depot made material misrepresentations regarding:

  a. The explicit 3 day timeline for completion of the flooring installation;

  b. The quality of the installation services;

  c. The reimbursement of expenses incurred due to the delays.

25. These representations on written advertisements were false when made and Home Depot knew or should have known of their falsity.

26. Plaintiffs reasonably relied on these representations to their detriment.

27. As a direct and proximate result of Home Depot's fraudulent conduct, Plaintiffs have suffered damages.

## THIRD CAUSE OF ACTION

### Negligent Misrepresentation

28. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

29. Home Depot made false representations regarding the three day timeline for completion and quality of the flooring installation services.

30. Home Depot had no reasonable grounds for believing these representations were true when made.

31. Home Depot intended that Plaintiffs rely on these representations.

32. Plaintiffs reasonably relied on Home Depot's representations.

33. As a direct and proximate result of their reliance on Home Depot's negligent misrepresentations, Plaintiffs have suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For actual damages according to proof;
2. For punitive damages;
3. For restitution;
4. For reasonable attorneys' fees and costs of suit;
5. For pre-judgment interest; and
6. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Attorney for Plaintiffs
JENNIFER HUNTER and KENNETH HUNTER

Dated: February 20, 2025      INGBER LAW GROUP

By: _____
Jason M. Ingber, Esq.

6
CLASS ACTION COMPLAINT